UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO REGIONAL TRANSIT,<br><br>          Defendant. | No.  2:16-cv-2540 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted the affidavit required by the statute, and according the request to proceed IFP will be granted.

I.  SCREENING

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

1  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
2  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
3  plaintiff, and (3) resolve all doubts in the plaintiffs' favor. See Neitzke, 490 U.S. at 327;
4  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
5  Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler,
6  627 F.3d 338, 340 (9th Cir. 2010).

   A.  The Complaint

   The factual allegations of plaintiff's complaint are identical to the allegations of the complaint he filed in Blackshire v. Sacramento Regional Transit, 2:12-cv-1803, ECF No. 1 (E.D. Cal. July 9, 2012).  In the original lawsuit, the assigned magistrate judge recommended that the action be dismissed with leave to amend.  Id. at ECF No. 6.  When plaintiff declined to amend, and stood on his original complaint, the magistrate judge recommended that the action be dismissed with prejudice.  Id. at ECF No. 7.  The district judge dismissed the action with prejudice, and judgment was entered.  Id. at ECF Nos. 10, 11.

   Plaintiff appealed the judgment.  Id. at ECF No. 12.  On July 15, 2013, the appeal was dismissed because plaintiff failed to perfect his appeal and failed to comply with the Ninth Circuit's order.  Id. at ECF No. 16.  Two years later, plaintiff asked the district court to re-open the case.  Id. at ECF No. 20.  The request was denied on October 15, 2015.  Id. at ECF No. 22.

   B.  Analysis

   "The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted).  Although this doctrine is normally raised as an affirmative defense, where its application is plain from the face of the complaint, the court may raise it *sua sponte*:

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

Arizona v. California, 530 U.S. 392, 412 (2000) (internal quotation marks omitted); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005) ("[a]s a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed") (emphasis in text). This is no less true where, as here, plaintiff's original action – making factual allegations identical to those of this complaint – was dismissed for lack of federal jurisdiction, his attempt to appeal that dismissal failed, and his attempt to re-open that case failed. This action should be dismissed with prejudice to avoid the continued fruitless expenditure of scarce judicial resources.

### III. CONCLUSION

For the reasons explained above:

IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

Further, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE